UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VICTOR REYES,

                           Plaintiff,

   -against-

THE VILLAGE OF SPRING VALLEY,

                           Defendant.
------------------------------------------------------------------x

Civ. Action #:

**COMPLAINT**

Date Filed:

Jury Trial Demanded

Plaintiff, Victor Reyes ("Plaintiff" or "Mr. Reyes"), by and through his attorneys, Kantrowitz, Goldhamer & Graifman, P.C., complaining of the Defendant, the Village of Spring Valley (the "Village"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and any other cause of action which can be inferred from the facts set forth herein, seeking damages to redress injuries Plaintiff has suffered as a result of being retaliated against for opposition of unlawful acts by Defendant Village.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action occurred in the district.

4. All conditions precedent to filing this complaint have been satisfied. Mr. Reyes filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or about

1

October 7, 2019. A dismissal and Notice of Rights letter was issued for Mr. Reyes' EEOC Charge on January 17, 2020. This action was properly commenced within 90 days of such issuance.

## THE PARTIES

5. At all relevant times, Plaintiff, Victor Reyes, was and is an adult who resides in Rockland County, New York.

6. At all relevant times, Defendant Village of Spring Valley (the "Village") was and is a domestic business corporation with a principle place of business at 200 North Main Street, Spring Valley, NY 10977.

## FACTUAL BACKGROUND

### General Background of Mr. Reyes' Employment with the Village

7. At all times relevant herein, Mr. Reyes was employed by Defendant.

8. In or about November 2007, Mr. Reyes began working for the Village as a court officer, working in the Spring Valley Justice Court.

9. Mr. Reyes worked in that position satisfactorily for approximately twelve years, without any negative issues with his performance.

### Mr. Reyes' New Position in Security

10. On or about July 3, 2018, Mr. Reyes was notified by aide to Mayor Alan Simon, Anthony Mallia ("Mallia"), that there was a need for increased security in the Village Hall.

11. In a July 3, 2018 Memo ("July 3 Memo"), Mayor Simon requested full-time coverage by trained security personnel in and around Village Hall. As per the July 3 Memo, there were 86 hours/month to be filled.

12. The July 3 Memo also stated, "The Village plans to use Court Officers and would require 2 officers working approximately 35 hours a week each for a total of 70 hours."

13.    Pursuant to the July 3 Memo, Mr. Reyes and another court officer, Simeon Naemit,[1] began working security in the Village Hall.

14.    Mr. Reyes normally worked approximately 21 hours per week on average.

15.    Mr. Reyes worked in this position without any negative issues or any noted complaints about his performance.

**Sexual Harassment in the Workplace and Mr. Reyes' Complaint**

16.    In December 2018, Meagan Izquierdo,[2] who worked for the Village in the Section 8 Housing Department, began being sexually harassed by a male coworker, Justin Montgomery.

17.    Montgomery's mother, Diana Montgomery, is the Village's Clerk.

18.    On December 7, 2018, Mr. Reyes was working security when he saw Ms. Izquierdo crying and speaking with Mr. Naemit.

19.    Mr. Naemit and Ms. Izquierdo approached Mr. Reyes and they told him that she was being sexually harassed by Montgomery, which included him telling her that her "man ain't shit" and that he "would fuck [Ms. Izquierdo] in the ass until she told him she loved him."

20.    Mr. Naemit reported the sexual harassment complaint to Mayor Simon and Mallia.[3]

---

[1] Mr. Naemit is filing a separate federal lawsuit against the Village, alleging retaliation.

[2] Ms. Izquierdo has filed a separate federal lawsuit against the Village, Civil Action No. 7:20-cv-00745-NSR, alleging sex/gender discrimination, sexual harassment, a hostile work environment, and retaliation.

[3] Anthony Mallia was formerly a Building Inspector for Ramapo. In September 2016, he was arrested and charged with 148 felony counts for falsifying business records, tampering with public records, and issuing a false certificate, as well as 40 misdemeanor charges for official misconduct. He subsequently pleaded guilty to tampering, a first degree felony, and official misconduct, a misdemeanor. According to the Rockland County Probation Department, as a condition of his probation, he was forbidden from "work[ing] for Spring Valley because the work could involve building issues." Despite this, in 2018, Mayor Simon rehired Mr. Mallia as a "confidential aide" and then an "independent government advisor."

21. After the sexual harassment was reported to the Mayor, Mr. Naemit went back to the security desk area and spoke with Mr. Reyes about the complaint and what should be done.

22. Shortly thereafter, Ms. Izquierdo's father, Nelson Izquierdo, came to Village Hall to see his daughter, who had called him earlier that day to tell him about the sexual harassment.

23. Mr. Naemit and Mr. Reyes spoke with Mr. Izquierdo at the security desk. Mr. Naemit told Mr. Izquierdo about the situation and how he already spoke with Mayor Simon and Mallia about the harassment. Mr. Izquierdo told them that he wanted to personally speak with Mallia and Mayor Simon.

24. Mr. Reyes went to the Mayor's office and told Mallia that Ms. Izquierdo was being subjected to sexual harassment by Montgomery and that her father wanted to speak with the Mayor about it.

25. Mallia responded that he would speak with Mr. Izquierdo, but that he had to do another task first. Mr. Reyes told Mallia it was a serious situation and that he should come out to speak with them immediately. He told Mallia that he would call the police if the situation was not addressed.

26. Mallia came out of his office and met with Ms. Izquierdo, Mr. Izquierdo, Assistant Village Attorney Anthony Brigandi, and Mr. Naemit, to discuss the sexual harassment allegations. Mr. Reyes was not present for this meeting.

27. During the meeting, Mallia said that that the Village would take the sexual harassment complaint very seriously and would come up with a solution. He said that there would be a solution by Monday.

28. Mr. Reyes worked the remainder of his usual shift that day.

**Retaliation Against Mr. Reyes, Mr. Naemit, and Ms. Izquierdo**

29. On December 12, 2018, Mr. Reyes reported to work for the first time since he brought forth the complaint of sexual harassment to Mallia. He went to his post at Village Hall working security.

30. At approximately 9:10 AM that day, Mr. Reyes was called into Brigandi's office, where he met with him and Ms. Montgomery, the mother of the accused sexual harasser. Brigandi told Mr. Reyes to pack up as he and Naemit were being terminated as security officers in Village Hall.

31. Mr. Reyes asked Brigandi for a copy of the paper he was holding during the meeting. The paper was a letter from Mr. Reyes' union president to Mayor Simon providing a pretextual reason for the termination.

32. Mr. Reyes went to Mr. Naemit's auto body garage and told him that they were let go from security duty in the Village permanently. Mr. Reyes told Mr. Naemit that Brigandi told him to leave the premises immediately and that they were no longer allowed to work there.

33. Shortly after Messrs. Reyes' and Naemit's termination, the Village tried to force Ms. Izquierdo to another department in the Village, leading to her constructive discharge.

34. As of today's date, Montgomery, the accused sexual harasser, continues to work in the Section 8 Department.

35. As a result of the termination of his security position, Mr. Reyes has lost a substantial amount of salary and benefits.

## FIRST CAUSE OF ACTION
### Title VII – Retaliation Against Plaintiff

36. Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

37. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for relief based upon the unlawful employment practices of Defendant.

38. Plaintiff complains of Defendant's violation of Title VII's prohibition against retaliation in employment.

39. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e *et seq.*, by retaliating against Plaintiff with respect to the terms, conditions, or privileges of employment because of his opposition to the unlawful employment practices of Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant, where applicable, for all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

Dated: Chestnut Ridge, New York
March 3, 2020

Respectfully submitted,

By: *s/Randy J. Perlmutter*
Randy J. Perlmutter

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
Randy Perlmutter
Sam Smith
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Tel: (845) 356-2570
*Attorneys for Plaintiff*